IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRVIN RODOLFO RAMIREZ,

    Petitioner,

v.                                                                                          No. 2:17-cv-00579 RJ/KRS

ALISHA TAFOYA-LUCERO and
ATTORNEY GENERAL STATE OF NEW MEXICO,

    Respondents.

MEMORANDUM OPINION AND ORDER TO CURE

Before the Court is Irvin Rodolfo Ramirez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Rodolfo Ramirez, Irvin's father, filed the petition on behalf of his son. Rodolfo also filed motions for Irvin requesting the appointment of counsel and to proceed *in forma pauperis*. (Docs. 2, 4). For the reasons below, the Court will order Irvin to sign the documents.

Habeas Corpus Rule 2(c)(5) provides that "the petition must … be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." That statute requires the petition to be "signed and verified by the person whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242.

The statute and rules governing applications to proceed *in forma pauperis* and other motions impose similar requirements. To receive permission to proceed without prepaying the filing fee under 28 U.S.C. § 1915, the prisoner must submit a signed affidavit attesting to his financial condition. Federal Rule of Civil Procedure 11(a) requires every pleading and court paper to be signed "by a party personally if the party is unrepresented."

Under certain limited circumstances, "next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable … to seek relief themselves." *Whitmore v.*

*Arkansas*, 495 U.S. 149, 162 (1990). *See also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] … 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."). The petition "must set forth some … explanation for the necessity of resorting to the use of a 'next friend'" such as "inaccessibility, mental incompetence or other disability." *Williams v. Boone,* 166 F.3d 1223, *5 (10th Cir. 1999) (unpublished) (quoting *Whitmore*). If the next friend fails to adequately demonstrate why the prisoner is unable sign and verify the petition, the Court is without jurisdiction to consider it. *Id.* (citations omitted).

    Here, Rodolfo recites:

> The petitioner Irvin Ramirez is my son. I have power of attorney to handle all legal, medical, and personal matters on his behalf. He is not signing the petition because the attorney failed to notify us about decision 09-16 and that the 30 days had expired for the (writ of certiorari). The prison process would have taken longer to complete.

*See* Petition, p. 31.

    This explanation is insufficient to confer "next friend" standing. Authorization to act under a power of attorney is not an "authoriz[ation] to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002). *See also Hollingsworth v. Perry*, 133 S.Ct. 2652, 2665 (2013) (rejecting argument that "mere authorization to represent a third party's interests is sufficient to confer … standing on private parties with no injury of their own"). Further, Rodolfo does not contend Irvin is unable to sign, just that it would be more efficient for Rodolfo to file the petition than for Irvin to go through the "prison process."

    Irvin must therefore cure the deficiency by signing each document filed in the case, or Rodolfo must show cause why that is not possible. The petition and the *in forma pauperis* application must be signed and verified under oath. The *in forma pauperis* application should

2

also be accompanied by a certified copy of Irvin's inmate account statement for the 6-month period immediately preceding the filing. *See* 28 U.S.C. § 1915. Most other motions need not be signed under penalty of perjury, but they must still be personally signed by Irvin.

All papers filed in this proceeding must include the civil action number (2:17-cv-00579 RJ/KRS). Failure to timely cure the deficiency within thirty (30) days from entry of this Order may result in dismissal of this action without further notice.

Accordingly, it is **ORDERED** that within thirty (30) days of entry of this order, Irvin Ramirez sign the petition and the *in forma pauperis* application under penalty of perjury, or Rodolfo Ramirez must show cause why that is not possible.

It is further **ORDERED** that unless the Court orders otherwise, all papers filed in this case must be signed by Irvin Ramirez; and any motions signed by Rodolfo Ramirez may be denied.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE