IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRVIN RODOLFO RAMIREZ,

        Petitioner,

v.                                                               No. 2:17-cv-00579-MCA-KRS

ALISHA TAFOYA-LUCERO,
Acting Warden, and ATTORNEY
GENERAL STATE OF NEW MEXICO,[1]

        Respondents.

## PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Irvin Ramirez, an inmate confined at the Penitentiary of New Mexico, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ramirez challenges his 2011 convictions for first-degree murder, conspiracy to commit armed robbery, tampering with evidence, arson, and receipt of stolen property contrary to New Mexico law[2] following a jury trial in the Third Judicial District Court for Dona Ana County.[3] Broadly, Ramirez asserts (1) his trial attorney was ineffective; (2) the prosecutor engaged in misconduct; (3) his life sentence amounts to cruel and unusual punishment; (4) his residence was unlawfully searched and he was unconstitutionally arrested; (5) his due process rights were violated; and (6) he was denied a fair trial. (Docs. 1 & 7). Ramirez's jailor, Alisha Tafoya-Lucero, contends Ramirez has not afforded

---

[1] Ramirez has named the "Attorney General State of New Mexico." Typically, the proper respondent in Section 2254 case is the warden of the facility at which the petitioner is held. Only when the petitioner is subject to a state court judgment, but not in custody must the petitioner name the state attorney general. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. It appears Ramirez is already in custody. As reflected below, the Court recommends that the Attorney General be dismissed from this action.

[2] See N.M. Stat. Ann. §§ 30-2-1(A)(2) (felony murder, a capital offense); 30-16-2 (conspiracy to commit arson, a third-degree felony); 30-22-5 (tampering with evidence, a third-degree felony); 30-17-5(A) (arson over $500, a fourth degree felony); 30-16-11 (receiving stolen property over $2500, a third-degree felony).

[3] Ramirez was also convicted of armed robbery. The New Mexico Supreme Court reversed this conviction on direct review because it violated the Double Jeopardy Clause.

the New Mexico courts a first opportunity to correct alleged constitutional deficiencies as to several of Ramirez's claims. As such, Tafoya-Lucero says the Court may dismiss Ramirez's petition for failure to exhaust available state-court remedies. Acting pursuant to an order of reference, *see* 28 U.S.C. § 636(b)(1)(B); (Doc. 20), the Court has considered the parties' submissions as well as the record and agrees that Ramirez has not exhausted remedies as to each of his claims. The Court, therefore, **RECOMMENDS** that Ramirez's petition be **DISMISSED** or Ramirez, at his election, be permitted to proceed in this Court only as to those claims he has properly exhausted. If Ramirez chooses the latter, he must voluntarily dismiss those challenges he has not presented to the New Mexico Supreme Court.

## DISCUSSION

Federal habeas corpus relief is unavailable to an inmate unless the inmate has exhausted state court remedies. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Section 2254 prohibits the Court from granting "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" until the inmate exhausts, there is no process for exhausting, or "circumstances exist that render such process ineffective to protect the rights of the [inmate]." 28 U.S.C. § 2254(b)(1). The burden is on the inmate to show exhaustion or some exception thereto. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). Ramirez does not contend New Mexico lacks available remedies or that the relief afforded does not protect his rights. Thus, the question is whether Ramirez adequately pursued those remedies.

An inmate properly exhausts when he "fairly presents" his federal constitutional claims to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). As a matter of comity, exhaustion allows the state courts one full "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per

curiam) (internal quotation marks and citation omitted). "One full opportunity" means the inmate must present his federal challenges "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). Additionally, the inmate must identify the "substance of a federal habeas corpus claim" to adequately exhaust. *See Picard*, 404 U.S. at 278. An inmate complies, substantively, when he references "a specific federal constitutional guarantee, as well as [provides] a statement of the facts that entitle[s] the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Ramirez made one "presentation" to the New Mexico Supreme Court. On direct review, Ramirez asserted: (1) the jury was improperly instructed on the murder and arson counts[4]; (2) his trial counsel was ineffective for not objecting to the erroneous jury instructions and allowing a defense investigator to turn over inculpating evidence; (3) the trial court erroneously admitted a fingerprint lab report that had not been disclosed to the defense and permitted a defense investigator to testify; (4) the prosecutor engaged in misconduct by withholding discovery; and (5) insufficient evidence supported Ramirez's conviction. (Doc. 18-1, at 50-90). Although Ramirez did collaterally challenge his convictions in the state district court, he did not pursue review by state's highest court. *See* N.M. Rule Ann. 5-802(L) (detailing the procedure for filing a petition for certiorari in the New Mexico Supreme Court following the trial court's denial of habeas relief).

Comparing the issues raised in this federal action, which include challenges (1) through (5) above, to those presented to the New Supreme Court, Ramirez has not exhausted available

---

[4] The improper instruction claim on felony murder relates both Jury Instruction No. 5 and more generally that Ramirez was denied due process when the jury was given an instruction that "created confusion between the armed robbery charge and murder charged and . . . did not clearly delineate the basis for second degreed versus 1st degree murder."

state remedies for his (1) attorney's alleged ineffectiveness as it relates to (a) following through with a motion to change venue; (b) not calling "personal and "forensic" witnesses; (d) preventing the jury from being instructed on armed robbery; (e) socializing with the prosecutor; (f) being absent when a jury note was read; (f) reviewing of discovery; (2) claim of cruel and unusual punishment because of his age; (3) challenge to the lawfulness of the warrantless search of his residence and attendant arrest; (4) assertion that two jurors were impartial and denied Ramirez the right to a fair trial; (5) due process challenge to the jury instructions allegedly confusing delineation between murder and armed robbery; and (6) claim of prosecutorial misconduct for socializing with defense counsel. (*Compare* Docs. 1, at 5-27 & 7, at 5-29 *with* Doc. 18-1, at 50-90).

Because Ramirez's application for habeas relief in this Court contains both exhausted and unexhausted claims, it is considered a "mixed petition." When confronted with a mixed petition, the Court may not simply dismiss the unexhausted claims and reach the merits of those that have been fully and fairly presented to the state court. *See Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016). Instead, the Court must (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Typically, a stay abating the petition is reserved for instances where the inmate shows "good cause" for failing to present the claims before the state court in the first instance, and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In view of the available options, the Court recommends that Ramirez's petition be dismissed in its entirety unless Ramirez voluntarily dismisses the unexhausted claims. A stay is not appropriate because Ramirez has not made any showing of good cause. Nor does the Court believe it advisable or beneficial to ignore the exhaustion requirements and address the merits of the claims. An appropriate balance, therefore, is to allow Ramirez to determine whether he would like to proceed only with the exhausted claims by filing a written notice dismissing the remainder of his challenges. If Ramirez elects this option, he should know he likely will forfeit the unexhausted claims altogether. *See* 28 U.S.C. § 2244(b)(1); *Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (a petitioner who elects to proceed only on exhausted claims must meet the requirements for filing a successive petition to later raise the unexhausted challenges). Also, if Ramirez chooses not to dismiss the unexhausted claims, the Court's recommendation, if adopted, means dismissal of the petition without prejudice. Although Ramirez could return to the New Mexico courts to present his claims, Ramirez may face statute of limitations problems for any future habeas petition in this Court. *See* 28 U.S.C. § 2244(d)(1) (imposing a one-year limitation period from the date the judgment becomes final after direct review).

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, Ramirez has not exhausted available state remedies for all of his claims.

The Court **RECOMMENDS** dismissal of Ramirez's mixed petition in its entirety subject to Ramirez first being permitted to voluntarily dismiss his unexhausted claims (and thus allowing the Court to reach the merits of the exhausted claims) by filing a document so stating within thirty days from the Court's adoption of this recommendation.

**IT IS FURTHER RECOMMENDED** that Respondent Attorney General State of New Mexico be dismissed as an improperly named party.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**