# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**IRVIN RODOLFO RAMIREZ**

        Petitioner,

vs.                                                  No. 17-CV-579 JAP/KS

**ALISHA TAFOYA-LUCERO**, Warden
and **ATTORNEY GENERAL FOR THE STATE OF NEW MEXICO**

        Respondents.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On July 18, 2018, Petitioner Irvin Rodolfo Ramirez filed OBJECTIONS (Doc. 22) to the Magistrate Judge's PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS (PFRD) (Doc. 21). Ramirez also filed a MOTION (Doc. 23) asking the Court to stay his petition and hold it in abeyance while Ramirez exhausts his claims in state court. In response to the Motion, Respondent Alisha Tafoya-Lucero filed a RESPONSE IN OPPOSITION TO PRO SE PETITIONER IRVIN RODOLFO RAMIREZ'S MOTION FOR STAY AND ABEYANCE [DOC. 23] (Doc. 24).

After *de novo* review, the Court will overrule Ramirez's Objections and deny his Motion. The Court will adopt the PFRD in part and will dismiss Ramirez's Petition without prejudice. The Court will also dismiss the Attorney General for the State of New Mexico as an improperly named party.

**I.    FACTUAL AND LEGAL BACKGROUND**

On May 21, 2011, a jury found Ramirez guilty of first-degree felony murder, second degree armed robbery, third degree conspiracy to commit armed robbery, third-degree tampering with evidence, fourth-degree arson, and third-degree receipt of stolen property. After a direct appeal, which reversed Ramirez's armed robbery conviction, Petitioner filed a pro se habeas petition in state court. On October 18, 2016, the state district court denied the petition, informing Ramirez through his counsel that he had 30 days to seek certiorari review. Motion (Doc. 23), p. 2. Ramirez asserts that his counsel did not inform him of the denial of his petition until April 6, 2017, more than four months after the deadline. Motion (Doc 23), p. 4.

1

On May 23, 2017, Ramirez filed a pro se petition in this Court, seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] On June 14, 2017, he amended that petition (Petition).[2] The Petition includes twelve claims of which the majority were not exhausted in New Mexico state courts.

On July 3, 2018, Magistrate Judge Kevin R. Sweazea entered the PFRD, which recommends that the Court dismiss the Petition in its entirety unless Ramirez files a written notice dismissing the unexhausted claims from his Petition.

## II. STANDARD OF REVIEW

When a party files written objections to a magistrate judge's proposed findings and recommendations, the district court must conduct *de novo* review "of those portions . . . to which objection is made." 28 U.S.C. §636(b)(1)(C). "*De novo* review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted). However, the district court need not make any specific findings. *Id*.

A party's theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III. ANALYSIS

Ramirez does not dispute that his Petition is a mixed petition, which includes both exhausted and unexhausted claims.[3] As explained in the PFRD, when a petition has both exhausted and unexhausted claim, a

---

[1] PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (Doc. 1).
[2] AMENDED PETITION (Doc. 7).
[3] The Amended Petition asserts the following grounds for relief: 1) Ineffective assistance of counsel because counsel failed to follow through on a motion to change venue; 2) Ineffective assistance of counsel because trial counsel fail to prevent the armed robbery jury instruction when armed robbery merged with the first-degree murder charge; 3) Prosecutorial misconduct; 4) A life sentence is cruel and unusual punishment for a 16-year-old; 5) Unlawful search and seizure based on a warrantless search of his property and an immediate arrest; 6) Prosecutorial misconduct based on the state withholding discovery until right before trial; 7) Ineffective assistance of counsel when counsel failed to impeach codefendant; 8) Violation of his due process rights when the jury instructions gave conflicting instructions on the armed robbery charge and the murder charge; 9) Violation of the right to a fair and impartial jury because two of the jurors knew the defendant and at least one of them expressed fear of the defendant and the defendant's family; 10) Ineffective assistance of counsel based on his attorney's act of turning over his clothes to the prosecution without informing the defendant or his family; and 11) Ineffective assistance of counsel because his counsel socialized with the prosecutor; and 12) Ineffective assistance of counsel when counsel did not review fingerprint discovery and was not present for a juror note. In his Petition, Ramirez alleges a 13th ground, which he drops. Petition (Doc 1) and Amended Petition (Doc. 7).

federal court has four options: 1) it may dismiss the petition entirely; 2) it may stay the petition and hold it in abeyance while the petitioner returns to state court to raise unexhausted claims; 3) it may permit the petitioner to dismiss the unexhausted claims and proceed on the exhausted claims; or 4) it may ignore the exhaustion requirement and deny the petition on its merits if none of the petitioner's claims has merit. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). The PFRD recommends giving Ramirez the choice of dismissing his unexhausted claims by filing a written notice with the Court. If Ramirez chooses not to dismiss his unexhausted claims, the PFRD recommends dismissing the Petition without prejudice.

In response to the PFRD, Ramirez filed both Objections and a Motion. Ramirez objects to the dismissal of his unexhausted claims and asks this Court to stay his Petition and hold it abeyance while he exhausts his claims in state court. According to Ramirez, this remedy is proper because Ramirez's appellate counsel did not promptly inform Ramirez of the denial of his state habeas petition and the time limit for filing a writ had expired by the time he learned of it almost four months later. As evidence of his attorney's failure to inform him, Petitioner attaches an email from his counsel dated April 6, 2017. Motion (Doc. 23), p. 4. Petitioner states that he did not try to exhaust his claims in state court by filing a writ of certiorari because he assumed he was time-barred.

Respondent answers that the Court should reject Ramirez's request because Ramirez has not met his burden in showing that this remedy is warranted. Citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012), Respondent argues that Petitioner bears the risk of attorney error. Respondent argues that a petitioner is excused for attorney error only when appointed counsel does not raise a substantial claim of ineffective assistance of counsel in the initial review collateral proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012). Because the negligence in this case occurred after the filing of the state petition, Respondent argues that Ramirez cannot show cause through the negligence of his legal counsel.

Respondent's legal analysis is not on point. The issue in *Martinez* was whether ineffective assistance in an initial review collateral proceeding by failing to raise ineffective assistance at trial could provide cause in a federal habeas proceeding for a state procedural default, thereby permitting the federal court to hear a procedurally defaulted claim. However, here the focus is whether Petitioner has shown cause to stay his federal petition and hold it in abeyance while Petitioner returns to state court to exhaust his claims.

3

The Supreme Court has found that courts may stay a petition and hold it in abeyance under the following limited circumstances: 1) the petitioner has good cause for the petitioner's failure to exhaust; 2) the petitioner's claims are potentially meritorious; and 3) there is no evidence that the petitioner intentionally engaged in dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A petitioner may show good cause for failure to exhaust when the petitioner demonstrates "reasonable confusion about whether a state filing would be timely"; ineffective assistance of post appellate counsel; or a "prosecutor's wrongful withholding of information." *Doe v. Jones*, 762 F.3d 1174, 1182 (2014) (citations omitted). Even if a Petitioner has good cause for his or her failure to exhaust, the Petitioner must also show that the petitioner's claims potentially have merit. A district court abuses its discretion by granting a stay when a Petitioner's claims are plainly meritless. *Rhines*, 544 U.S. at 277-78.

Here, Ramirez did have good cause for failure to exhaust his state claims. Petitioner states that because his state claim was not submitted within 30 days of the district court's decision, he thought his claim would be untimely as it was almost four months after the district court's decision. Because of this belief, Petitioner proceeded directly to federal court instead of pursuing additional relief in state court. Both Petitioner's mistaken beliefs and the claimed ineffectiveness of his post-trial counsel shows good cause for the court to stay the petition and hold it in abeyance. However, Petitioner has not met the second prong of this test by showing that his unexhausted claims are potentially meritorious.

Petitioner's unexhausted claims include allegations of constitutional violations that occurred pretrial and during trial; yet Petitioner did not bring these claims in his direct appeal. Nor does Petitioner provide a reason why these claims were unavailable to him on direct appeal. Some of Petitioner's exhausted claims in this proceeding concerning ineffective assistance of counsel were considered on direct appeal by the State Supreme Court. However, the New Mexico Supreme Court found that there was no support in the record with respect to these claims. In its opinion, the New Mexico Supreme Court stated that this was one of those rare cases where "[t]he errors by Ramirez's counsel simply do not undermine confidence in the outcome of his case." Respondent's Appendix (Doc. 18-2), NM Supreme Court Opinion at p. 60.

Even if Ramirez's Objection had met the requirements to stay his Petition and hold it in abeyance, this Court would be foreclosed from considering that remedy here. Ramirez did not raise this argument before the magistrate judge, and so, it is deemed waived.

Finally, as observed in the PFRD, the Attorney General for the State of New Mexico is not a proper party in this case. The Attorney General is properly named only when a petitioner is subject to a state court judgment, but not in custody. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Ramirez is in custody. When a petitioner is in custody the proper respondent is the warden of the facility where the petitioner is held.

IT IS ORDERED THAT

1. Judge Sweazea's PFRD is ADOPTED in part;
2. Plaintiff's objections are OVERRULED;
3. Plaintiff's Motion to stay his petition and hold it in abeyance is DENIED;
4. This action is DISMISSED without prejudice; and
5. The Attorney General for the State of New Mexico is dismissed as an improperly-named party.

_____
SENIOR UNITED STATES DISTRICT JUDGE